IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Annette Williford Randolph, #279528, | ) | C/A No. 0:09-1786-PMD |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| Warden, Leath Correctional Institution, | ) | |
| Respondent. | ) | |

This matter is before the court upon the magistrate judge's recommendation that the petition be summarily dismissed. The petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on July 6, 2009. Because petitioner is proceeding pro se, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States

---

[1] Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the magistrate judge is authorized to review pretrial matters and submit findings and recommendations to this Court.

v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2] The Magistrate filed his report and recommendation on July 31, 2009. Petitioner filed his timely objections to the magistrate judge's report on August 11, 2009.

A review of the petitioner's objections and the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report is incorporated into this order.

Petitioner's objections fail to directly address the magistrate judge's report. Petitioner submits a series of statements not directly related to the magistrate's report. Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for such objections. 28 U.S.C. § 636 (b)(1). Petitioner in her "objection" states that "[P]lease be aware of the fact that I, Annette Randolph, have stated that I am withdrawing my previous habeas petition and I am refiling via the instant action." These "objections" are without merit. Generally stated, nonspecific objections have the same effect as would a failure to object. Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir. 1991).

Accordingly, this court agrees with the magistrate judge and finds that this case should be **dismissed without prejudice and without issuance and service of process** upon

---

[2]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

respondent, and that judicial economy and efficiency are best served by proceeding in C/A No. 0:09-0052-PMD-PJG.

**AND IT IS SO ORDERED.**

```
_____
PATRICK MICHAEL DUFFY
United States District Judge
```

August 24, 2009

Charleston, South Carolina

**NOTICE OF APPEAL**

     Petitioner is hereby notified that he has the right to appeal this Order within **thirty (30) days** from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.